# Exhibit 28

| | | |
|---|---|---|
| MICHAEL AUSTIN | * | IN THE |
| Petitioner | * | CIRCUIT COURT |
| v. | * | FOR |
| STATE OF MARYLAND | * | BALTIMORE CITY |
| Respondent | * | Indictment No. 17401280-82 |
| | * | 1975 docket |

\* \* \* \* \* \* \* \* \*

## AFFIDAVIT

I, Joseph Wase, state as follows:

1  I am over eighteen years of age, a resident of Maryland, competent to testify, and have personal knowledge of the facts and matters set forth herein.

2  I have been an attorney licensed to practice law in Maryland since 1963.

3  I was an Assistant State's Attorney in Baltimore City from 1970 to 1975.

4  In 1975 I prosecuted Michael Austin in the above-styled case.

5  The critical trial testimony in the Austin case consisted of two items: the in court identification by Jackie Robinson (an employee at the Crown Market) of Mr. Austin as well as a card found on Mr. Austin's person when he was arrested that contained a hand written spelling of the other suspect in the case, Horace Herbert. The card was particularly important at trial because it linked Mr. Austin to the alleged other perpetrator and because it undermined Mr. Austin's credibility at trial because Mr. Austin testified that he did not know Mr. Herbert. The identification by Mr. Robinson and the card with Horace Herbert's name on it were the points that I stressed most vigorously at closing. I believe these two facts resulted in Mr.



Austin's conviction especially because I had no other evidence linking Mr. Austin to the crime, including no physical evidence.

6. When I prosecuted the case I was concerned that there was a great variance between the original height description (5' 8") given by Mr. Robinson and the height of Mr. Austin (6'5").

7. I decided to go forward with the prosecution after I interviewed Mr. Robinson and believed that he was a sincere, straight arrow college kid, and he persuaded me that he was 100% certain of is identification of Michael Austin. I now know from speaking to members of the Robinson family and from other investigative information, that my perception of Mr. Robinson was erroneous and that Mr. Robinson was involved in using and selling drugs and the college information he provided was greatly exaggerated.

8. I have recently learned that the alleged other perpetrator of the Crown Market case, Horace Herbert, was arrested after the Austin case was concluded and that he was prosecuted by then Assistant State's Attorney David Katz. Prior to the Austin trial, Mr. Robinson had identified a photograph of Mr. Herbert as being the second individual involved in the Crown Market murder/robbery. It is my understanding, that during the course of Mr. Herbert's trial, Jackie Robinson told Mr. Katz that Mr. Herbert was not involved in the crime. I also now know that Mr. Katz, in the middle of the trial, affirmatively declared Mr. Herbert not guilty. This declaration is quite unusual and a clear contradiction of Mr. Robinson's prior identification of Mr. Austin and Mr. Herbert as being the robbers of the Crown Market.

9. In 1992, I learned that a key eyewitness, Eric Komitsky, was shown photographs

2

by the police shortly after the crime containing at least one photograph of Mr. Austin and that he did not identify Mr. Austin as being involved in the crime. I had been told at the time of trial that Mr. Komitsky was unable to make any identification. I also was told by Mr. Komitsky in 1992 that he was certain that the shooter at the Crown Market was considerably shorter than Mr. Austin and that he was positive that Mr. Austin was not involved in the Crown Market robbery/murder. Had I known at the time of the trial that Mr. Komitsky was able to make a positive identification of the shooter and that he did not pick Mr. Austin from photos or a line-up I would not have prosecuted Mr. Austin.

10. Had I been aware of any of the following four factors I would have believed that the reasonable doubt of Mr. Austin's guilt was overwhelming and I would not have prosecuted the case: (1) the negative information concerning Mr. Robinson; (2) the confessed not guilty during Mr. Herbert's trial; (3) Mr. Komitsky's observation at the time of the crime of the shooter and his failure to identify Austin as being the shooter; and (4) Mr. Komitsky's assurance as well that Mr. Austin was not involved in the crime I believe that a great injustice has occurred in this case and that Mr. Austin's conviction should be overturned. Based upon what I now know I believe that the jury was also misled for the aforementioned reasons.

11. In all of the cases that I prosecuted as an Assistant State's Attorney I have never come forward before and requested that a conviction be overturned in a case in which I prosecuted.

3

I SOLEMNLY AFFIRM under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true to the best of my knowledge.

_____
Joseph Wase

11/29/00
Date