# Exhibit 36

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

JAMES OWENS,

    Plaintiff,

v.

BALTIMORE POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. GLR-11-3295

### Declaration of Shawn Armbrust

I, Shawn Armbrust, hereby declare that:

1. I make this declaration on personal knowledge.

2. I am more than 18 years of age.

3. I am a lawyer who practices in Washington, D.C., and directs a nonprofit organization that considers cases in Maryland, Virginia, and the District of Columbia. I am not admitted to practice in Maryland, but have appeared pro hac vice on multiple occasions.

4. My practice includes representing individuals who have been convicted of crimes they did not commit. Relevant to this declaration and civil action, I have experience in post-conviction work.

5. In my practice, I have on occasion represented clients in proceedings involving the Baltimore City State's Attorney's Office as well as the Baltimore Police Department ("BPD") and its officers and detectives.

6. In my practice, I have encountered examples of conduct by BPD and its officers and detectives that constitute violations of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

In other words, I have encountered failures by BPD and its officers and detectives to disclose material exculpatory or impeachment information to the State's Attorney, which information then was not disclosed to defense counsel.

7. I have personally been involved in cases in which BPD officers and detectives have failed to disclose notes, documents, witness statements, and witness names.

8. For instance, in *Sabein Burgess v. Baltimore Police Department, et al.*, Case No. WDQ-15-0834 (D. Md.), the BPD officers responsible for investigating the murder of Michelle Dyson failed to disclose notes indicating that Ms. Dyson's son was not asleep during the crime, as stated in police reports. Prosecutors used that information multiple times during trial. BPD officers also failed to disclose information in their possession regarding an alternate perpetrator of the shooting. As a result of the officers' constitutional violations, Mr. Burgess was wrongfully convicted of first-degree murder and sentenced to life imprisonment.

9. The Mid-Atlantic Innocence Project began investigating Mr. Burgess's case in 2010 and discovered handwritten police notes containing information that Ms. Dyson's son provided to the officers about his mother's murder. Ms. Dyson's son later confirmed via an affidavit that Mr. Burgess was not the intruder who killed his mother. This evidence, along with evidence refuting false gunshot residue results used at trial, provided support for Mr. Burgess's actual innocence petition. On February 21, 2014, the State vacated Mr. Burgess's conviction, and all charges against him were dismissed. In March 2015, Mr. Burgess filed a federal civil rights lawsuit against the Baltimore Police Department, several of its officers, and the Mayor and City Council of Baltimore.

10. Although I do not work at BPD, I have seen no evidence that it has enacted changes in policy or practice to curtail this kind of activity by its officers and detectives.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 2/8/16

[NAME]

3