# Exhibit 44

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

JAMES OWENS,

        Plaintiff,

    v.

BALTIMORE POLICE
DEPARTMENT, *et al.*,

        Defendants.

Case No. GLR-11-3295

## Declaration of C. Justin Brown

1.     I, C. Justin Brown, am over 18 years of age and competent to testify.

2.     I am a lawyer who practices in Baltimore City.  I have been admitted to practice in Maryland since 2006.

3.     My practice consists primarily of federal and state criminal defense.  Relevant to this declaration and civil action, I have extensive experience in criminal defense, criminal appeals, and post-conviction work.

4.     I have regularly represented clients in proceedings involving the Baltimore City State's Attorney's Office as well as the Baltimore Police Department ("BPD") and its officers and detectives.

5.     In my practice, I have encountered examples of conduct by BPD and its officers and detectives that constitute violations of *Brady v. Maryland* and its progeny.  In other words, I have encountered failures by BPD and its officers and detectives to disclose material exculpatory or impeachment information to the State's Attorney, which information then was not disclosed to defense counsel.

6.     I have personally been involved in cases in which BPD officers/detectives/agents have failed to disclose notes, documents, telephone records, witness testimony, and other materials that fall under the umbrella of *Brady*.

7.     For instance, in *State v. Steven Carver*, *State v. Chris Merritt*, and *State v. Adnan Syed*, I, as post-conviction counsel, discovered what I consider to be exculpatory evidence that was not disclosed to defense counsel prior to trial.  The initial trials of those cases, prior to which exculpatory evidence was not disclosed, occurred in the time period of approximately 1999 to 2000.

8.     In *State v. Chris Merritt*, the *Brady* evidence was convincingly demonstrated at a post-conviction hearing. Specifically, the Petitioner produced credible evidence that a Baltimore City Police detective was have a romantic relationship with a key witness in the case, but that fact was never disclosed to the defense. The Baltimore City Circuit Court judge never ruled on the alleged violation because the State and the defendant reached a compromise prior to conclusion of the post-conviction proceeding.

9.     It is my belief that *Brady* violations are common in criminal cases involving the BPD. Most of these violations never come to light, however, because they either go undetected, or, if they are detected, those who committed the violations are not held accountable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February10, 2016

C. Justin Brown
231 E. Baltimore St., Suite 1102
Baltimore, MD 21202